Mr. Chief Justice Shaueby
delivered the opinion of the court.
The appellant instituted this suit on an administrator’s bond, and assigned several breaches. The defendant put in a general demurrer, with special causes assigned; which was sustained. If *809 it was properly sustained the judgment must be affirmed, but if not it must be reversed. The causes of demurrer go principally, though not entirely, to the breaches assigned; it will be as well, therefore, to consider each breach separately.
The first is, that the administrators have not well and truly administered and accounted on the estate according to law; nor did they make or cause to be made a just and true account of their administration within twelve months; nor have they made such a showing as the law requires. This is the substance of the breach, and although it does not negative all the words of the second clause in the condition, is nevertheless a good and substantial denial of the performance of the duty required.
The second breach is, that it appeared by the inventory returned that a large amount of goods, chattels and credits came to their hands which they have never accounted for, nor paid over to such persons as were respectively entitled to receive the same. This breach is also substantially good; if the administrator was bound to pay over, without any thing to be performed by the distributees; and this point will be noticed under the next breach, which is in substance this:
That although a large amount, to wit, the sum of 9568 dollars, of the effects of the estate came to the hands of the defendants, yet they wasted and converted it to their own use, and would not account for the same to the orphans’ court, nor for the fifth part to the person for whose use this action is; nor would they pay over the same to such persons as were by law entitled to receive it.
The objection to this and the other breach may be considered together. How, and on what condition was the administrator bound to pay over according to law and the condition of his bond? The 91st section of the orphans’ court law provides, that after the expiration of twelve months any person entitled to a distributive share may, by petition to the orphans’ court, obtain a rule on the administrator to make distribution; but in no case shall the administrator be compelled to make such distribution until a refunding bond be given. The giving or tendering such a bond, therefore, becomes a condition, on the performance of which the distributee *810 is entitled to his portion; and he must show the performance of the condition or a willingness to perform before he can recover on the bond. The law is the exposition of the contract, and places the undertaking of the administrator on the same ground as though he had covenanted with the distributees, and annexed this condition in the covenant. Placing it in the light of a condition precedent, it was necessary that the plaintiff should have averred performance in his declaration.
The 92d section creates an exception to the rule, by providing that no bond shall be required after the final settlement of an estate. The distributee, therefore, may be entitled to distribution without bond, if there has been a final settlément. This settlement becomes equally a condition on which he is entitled to a distribution without bond, and it follows that if he seeks to recover .on the administrator’s bond for failure to pay over, he must aver that a final settlement has been made; because he has no right to his distributive share until final settlement, unless he has tendered bond. His right stands thus: he is entitled to recover his share on giving a bond to refund at any time after twelve months; or he is entitled to it without bond if the estate has been settled. These conditions are precedent and alternative, and one or the other must be averred.
There is another mode of distribution pointed out which seems to contemplate a final settlement. The 52d section provides that after payment of debts, &c. the surplus shall be decreed by the orphans’ court to the persons entitled to distribution thereof. It would be the duty of the administrator to distribute according to such decree, and perhaps an averment that he had failed to do so would also entitle the party suing to recover.
But admitting that two of the breaches were bad, does it follow that the demurrer was correctly sustained? The demurrer is general with special causes, none of which are confined or made to apply to a particular breach. Each breach was like a separate count, and a general plea to all the breaches would not be good. So it is with a demurrer. Where there are several breaches assigned and the defendant demurs generally to the whole declara *811 tion, it cannot be sustained if some of the breaches are good. 2 Johns. Dig. 319-20. The defendant should have demurred specially to each breach.
The judgment of the court must, therefore, be reversed and cause remanded.